IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREEWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No. 8:23-0798-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Melissa Ann Morris, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant Melissa Morris's ("Morris") pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the court denies her motion.

## I. BACKGROUND

On February 6, 2024, Morris pled guilty to one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), pursuant to a written plea agreement. (Plea Agreement, ECF No. 204); (Guilty Plea, ECF No. 208.) At sentencing on May 14, 2024, the court departed from the advisory Guidelines range of 210 to 240 months' imprisonment and imposed a 38-month sentence, to be followed by a three-year term of supervised release. (J., ECF No. 293.) Morris did not appeal her conviction and sentence.

On November 1, 2024, Morris filed the instant motion for compassionate release. (Mot. Compassionate Release, ECF No. 312.) She requests that the court compassionately release her to allow her to care for her mother-in-law and father-in-law. (Id., ECF No. 312.)

## II. LEGAL FRAMEWORK

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions").  The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(1)-(6).  Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."  Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. Id. § 3553(a).

## III. DISCUSSION

Morris argues that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(3) because she needs to care for her mother-in-law and father-in-law to allow her husband to work and provide financial support.[1] (Mot. Sentence Reduction, ECF No. 312.) Section 1B1.13(b)(3)(C) provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason for a sentence reduction. While the court empathizes with Morris's desire to assist in the care of her in-laws, the policy does not extend to her husband's parents. Further, she has failed to show that she is the only available caregiver for them. In seeking compassionate release, Morris "bears the burden of establishing 'extraordinary and compelling

---

[1] As an initial matter, there is no evidence that Morris has exhausted her administrative remedies. However, the court proceeds to the merits of Morris's motion as exhaustion is an affirmative defense that can be waived or forfeited if not timely raised. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021).

reasons' that warrant a sentence reduction." United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021). By her own representation, her husband is currently caring for his parents and no medical evidence has been provided to show that her husband's parents are incapacitated.

*Second*, even if Morris could show extraordinary and compelling reasons warranting relief, the court would still deny her motion because the applicable § 3553(a) factors weigh strongly against compassionate release. Morris has a significant criminal history with numerous convictions, involving forgery, shoplifting, theft, and possession of drugs. (PSR ¶¶ 53-70, ECF No. 260.) Further, Morris has only served a fraction of her 38-month sentence, having served less than six months. Morris was convicted of a serious drug offense in this case. The court imposed a well-below-Guidelines sentence of 38 months' imprisonment. Reducing her sentencing would not "reflect the seriousness of [her] offense," "promote respect for the law," "provide just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B); see also United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences").

## IV. CONCLUSION

For the foregoing reasons, Morris's motion for compassionate release, docket number 312, is denied.

**IT IS SO ORDERED**.

        s/Henry M. Herlong, Jr.
        Senior United States District Judge

Greenville, South Carolina
November 20, 2024

4

## NOTICE OF RIGHT TO APPEAL

Morris is hereby notified that she has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.